105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Edward JACKSON, Defendant-Appellant.
 No. 95-6530.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1997.
 
 Before: NELSON and DAUGHTREY, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 After pleading guilty to a charge of being a felon in possession of a firearm, defendant David Edward Jackson was sentenced to 92 months in prison. The district court further ordered that the federal punishment be served consecutively to a previously imposed Tennessee state court criminal sentence. On appeal, Jackson insists that the district court erred in ordering consecutive sentencing and in failing to abide by the requirements of § 5G1.3(c) of the sentencing guidelines. We find no reversible error and affirm.
 
 I. FACTUAL BACKGROUND
 
 2
 After serving prison sentences for state felony convictions involving assault with intent to commit a felony and aggravated sexual battery, Jackson was charged under 18 U.S.C. § 922(g)(1) with being a felon in possession of a firearm. Pursuant to a plea agreement entered into with the United States Attorney, Jackson pleaded guilty to that charge in exchange for promises from the government to dismiss a second count of the indictment, to concur in any recommended reduction in sentence for acceptance of responsibility, and to suggest that the court impose a sentence within the lower one-third of the applicable sentencing guideline range.
 
 
 3
 The initial presentence report recommended that, after granting Jackson a three-level reduction for acceptance of responsibility, the district court sentence the defendant as a level 23, criminal history category V offender to a prison term between 84 and 105 months. Prior to the sentencing hearing, however, the probation officer filed a supplemental report informing the district court of a subsequent state court conviction entered against Jackson for attempted aggravated arson. As a result of that conviction, the probation officer noted that Jackson's criminal history category had increased to VI, thus subjecting him to a sentence between 92 and 115 months.
 
 
 4
 Moreover, because Jackson was then subject to an undischarged term of imprisonment, the probation officer determined that the provisions of § 5G1.3(c) of the guidelines applied to the sentence to be imposed. Even after considering a "reasonable incremental punishment" for the multiple offenses, the probation officer still recommended, however, a federal sentence of 92-110 months to be served concurrently with the remainder of the undischarged term of imprisonment because such a sentence would "(1) be within the guideline range of the instant federal offense, and (2) achieve an appropriate total punishment."
 
 
 5
 Despite that recommendation, the district court ordered Jackson to serve a 92-month federal sentence consecutively to the undischarged state sentence. Consequently, assuming parole from his state sentence at the earliest possible date, the total additional prison time which Jackson faced was 113 months (36-month state sentence plus 92-month federal sentence less 15 months already served).
 
 II. ANALYSIS
 
 6
 Prior to November 1, 1995, Application Note 3 of the Commentary discussing § 5G1.3(c) stated that, in a case such as this, a sentencing court should, to the extent practicable, order a period of incarceration "that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed ... had all of the offenses been federal offenses for which sentences were being imposed at the same time." § 5G1.3, comment. (n. 3) (1994) (emphasis added). Jackson now argues that adherence to the dictates of that commentary would have resulted in a much lower sentence than the consecutive punishments he received.
 
 
 7
 Jackson claims that had he been convicted of the federal offenses of felon in possession and aggravated arson, he would have received a level 25, criminal history category V sentence between 100 and 125 months. With credit for the 15 months already served in prison, his sentencing range would initially decrease to 85-110 months, but then adjust to 92-110 months to account for the minimum applicable felon in possession sentence of 92 months.
 
 
 8
 In imposing consecutive sentences upon Jackson, the district court sentenced him to the minimum 92-month prison term for the federal conviction. When combined with the approximately 21 months remaining on Jackson's state prison sentence, the total effective sentence amounts to only 113 months. In actuality, therefore, this dispute centers upon a three-month discrepancy between a presumably acceptable 110-month sentence and an allegedly "inequitable and improper" 113-month term.
 
 
 9
 This court reviews a district court decision to order consecutive sentencing under § 5G1.3 for an abuse of discretion. United States v. Milton, 27 F.3d 203, 209 (6th Cir.1994), cert. denied, 115 S.Ct. 741 (1995). Even if the 1994 version of the application notes to the commentary accompanying § 5G1.3(c) were to be applied in this situation, we could not conclude that the district court abused its discretion in this matter, because the district court was not bound to sentence Jackson within the lower third of the applicable sentencing range and because a 113-month sentence does indeed "approximate" a 110-month sentence. § 5G1.3, comment. (n. 3) (1994).
 
 
 10
 Furthermore, § 5G1.3(c) and the accompanying commentary were amended effective November 1, 1995, five days prior to Jackson's sentencing. Pursuant to those amendments, the calculation methodology contained in the earlier version of the guideline provision was abandoned. In its stead, the Sentencing Commission noted simply that a district court may impose concurrent, partially concurrent, or consecutive sentences "to achieve a reasonable punishment for the instant offense." § 5G1.3(c). Application note 3 of the amended provision, in providing guidance in how "to achieve a reasonable punishment," suggests that a district court "consider" the factors set forth in 18 U.S.C. § 3553 and "be cognizant of" the following:
 
 
 11
 (a) the type ... and length of the prior undischarged sentence;
 
 
 12
 (b) the time served on the undischarged sentence and the time likely to be served before release;
 
 
 13
 (c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
 
 
 14
 (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.
 
 
 15
 § 5G1.3, comment. (n. 3) (1995).
 
 
 16
 In this case, the district court explicitly stated that its consecutive sentencing determination "takes into account the provisions of 5G1.3(c) and achieves a reasonable amount of punishment." In light of the court's consideration of appropriate sentencing factors and the extensive criminal record compiled by Jackson by the time of his sentencing in this matter, we cannot say that the court abused its discretion in arriving at its conclusion.
 
 
 17
 Section 1B1.11 of the guidelines provides that the guidelines version in effect on the date that the defendant is sentenced shall be applied unless sentencing pursuant to such provisions would violate the constitutional prohibition against ex post facto legislation. The 1995 version of § 5G1.3(c) does not, however, increase the punishment to which Jackson is subject or criminalize activity that was legal at an earlier date and, thus, does not violate the Ex Post Facto Clause. Rather, the provision merely refines the process of determining the "reasonable punishment" to be imposed upon a defendant subject to an undischarged term of imprisonment. We conclude that the sentence imposed in this case was proper under § 5G1.3(c), as amended, and we AFFIRM the judgment of the district court.
 
 
 
 *
 The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation